## SUPREME COURT.

WILLIAM, EARL OF CRAVEN, and another agt. JOHN S. PRICE,

Where an action is brought for wrongfully cutting grass, and converting the hay from premises which the plaintiffs claim as owners in fee, and entitled to the possession thereof, which possession is alleged to be wrongfully withheld from them; and the defendant in his answer admits the title to the land to be in the plaintiffs as alleged, but claims that he was rightfully in possession of the premises, and had a right to cut and dispose of the hay under the *license and permission of the plaintiffs*, by virtue of an executory contract to purchase the land, the *title to land* does not arise in the case. And if the plaintiffs recover a verdict of $15, only, the defendant is entitled to costs.

*Erie General Term, November,* 1867.
*Before* DANIELS, MARVIN *and* DAVIS, *Justices.*
  APPEAL from order of special term denying motion for re-taxation of costs.

C. W. BRANDT, *for plaintiffs.*
HAKES & STEVENS, *for defendant*

*By the court,* MARVIN, J. · The plaintiffs in their complaint allege that they were the owners in fee of certain land described; and that one Albert G. Brown, wrongfully withheld possession from them and cut an severed certain grass from the land and made it into hay; that the hay was the property of the plaintiffs, and the defendant took and converted it.

The defendant, in his first answer, admitted the title to the land in the plaintiffs as alleged; second answer—a denial of all the other allegations in the complaint; third answer—alleges that the plaintiffs had a right to the possession of the land, and that Brown was lawfully in possession, under license and permission of the plaintiffs, and those who were the owners thereof prior to the plaintiffs,

under and by virtue of an executory contract for the purchase of the land, with the license and permission of the plaintiffs in said Brown to the possession, and rents, and profits thereof, and that while so in possession, Brown cut the hay as he lawfully might, and sold it to one Ewers, who transferred it to the defendant, who took it away as he law fully might. The plaintiffs had a verdict for $15 00, and the clerk taxed costs in favor of the defendant.

Does a claim of title to real property arise on the pleadings in this case? It is argued that the third answer raises the question of title, as it states that Brown was lawfully in the possession of the lands, under the license and permission of the plaintiffs, *and those who were the owners thereof prior to the plaintiffs*, under and by virtue of a contract for the purchase of the lands, with the license and permission of the plaintiffs in said Brown to the possession, and rents, and profits thereof. What does the pleading here mean? It is claimed that under the allegations here made, the defendant on the trial would have been permitted to prove title in prior owners, and a contract with Brown for the purchase of the land, and license to possess the land, &c. The defendant, however, says Brown was in possession under the license and permission of the plaintiffs and those who were the prior owners, under a contract, &c., with the license and permission of the plaintiffs. Brown's possession was under the license of the plaintiffs, and if other persons who were previous owners, assented thereto, how could that affect the question of license? Again Brown was in possession under a contract to purchase, with the license and permission of the plaintiffs. The license and permission of the plaintiffs for what? Clearly, to possess. The defendant did not propose by his answer to defend upon the ground that Brown was rightfully in possession, under and by virtue of a contract to purchase the land of some prior owner, simply, but he avers that his possession was under the li-

William, Earl of Craven, agt. Price.

cense and permission of the plaintiffs. The fair construction of the answer is, that Brown's possession and right to cut, and dispose of the hay, was under the license and permission of the plaintiffs. I think the order appealed from should be affirmed, with $10 costs.